**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PATRICIA E. ABU GHAZALEH, derivatively on behalf of Nominal Defendant GENEDX HOLDINGS CORP., formerly SEMA4 HOLDINGS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>ERIC SCHADT, KATHERINE STUELAND, ISAAC RO, RICHARD MIAO, JASON RYAN, ELI D. CASDIN, EMILY LEPROUST, KEITH MEISTER, JOSHUA RUCH, RACHEL SHERMAN, NAT TURNER, DENNIS CHARNEY, and MICHAEL PELLINI,<br><br>Defendants,<br><br>- and –<br><br>GENEDX HOLDINGS CORP., formerly SEMA4 HOLDINGS CORP.,<br><br>Nominal Defendant. | Case No. 1:23-cv-01357-GBW |
| NICHOLAS R. INGRAO, derivatively on behalf of GENEDX HOLDINGS CORP., formerly SEMA4 HOLDINGS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>JASON RYAN, KATHERINE STUELAND, ELI D. CASDIN, EMILY LEPROUST, KEITH MEISTER, RICHARD C. PFENNINGER, JR., JOSHUA RUCH, RACHEL SHERMAN, NAT TURNER, DENNIS CHARNEY, MICHAEL PELLINI, ERIC SCHADT, | Case No. 1:25-cv-01027-UNA |

ISAAC RO, and RICHARD MIAO,

Defendants,

- and -

GENEDX HOLDINGS CORP., formerly SEMA4 HOLDINGS CORP.,

Nominal Defendant.

**JOINT STIPULATION AND [PROPOSED] ORDER CONSOLIDATING AND STAYING STOCKHOLDER DERIVATIVE ACTIONS AND ESTABLISHING A LEADERSHIP STRUCTURE**

Plaintiffs Patricia E. Abu Ghazaleh ("Ghazaleh") and Nicholas R. Ingrao ("Ingrao") (together, "Plaintiffs"), nominal defendant GeneDx Holdings Corp., ("GeneDx" or the "Company"),[1] and individual defendants Jason Ryan, Katherine Stueland, Eli D. Casdin, Emily Leproust, Keith Meister, Richard C. Pfenninger, Jr. ("Pfenninger"), Joshua Ruch, Rachel Sherman, Nat Turner, Dennis Charney, Michael Pellini, Eric Schadt, Isaac Ro, and Richard Miao (collectively, the "Individual Defendants" and together with nominal defendant GeneDx, the "Defendants"),[2] jointly submit this stipulation and proposed Order (the "Stipulation") to consolidate and stay the above-captioned shareholder derivative actions (the "Derivative Actions") on the terms set forth herein, and to appoint co-lead counsel and liaison counsel for Plaintiffs, and in support thereof state as follows:

[1] Formerly named Sema4 Holdings Corp. during the period relevant to these actions.

[2] Plaintiffs and Defendants are together referred to herein as the "Parties."

WHEREAS, a putative securities class action arising under the Securities Exchange Act of 1934 is pending in the U.S. District Court for the District of Connecticut, captioned *Helo v. Sema4 Holdings Corp., et al.*, Case No. 3:22-cv-01131-VDO (D. Conn.) ("*Helo*");

WHEREAS, on November 28, 2023, plaintiff Ghazaleh filed a stockholder derivative action on behalf of nominal defendant GeneDx against the Individual Defendants, except defendant Pfenninger, in this Court captioned *Ghazaleh v. Schadt, et al.*, Case No. 1:23-cv-01357-GBW (the "*Ghazaleh* Action");

WHEREAS, on March 11, 2024, this Court so-ordered a stipulation entered into by the parties to the *Ghazaleh* Action, staying all further proceedings in the *Ghazaleh* Action "until the earlier of (1) final resolution of *Helo*; or (2) an announcement that the parties in *Helo* have reached a settlement" (Dkt. 6) (the "Stay Order");

WHEREAS, on August 15, 2025, plaintiff Ingrao filed a substantially similar stockholder derivative action on behalf of nominal defendant GeneDx against the Individual Defendants, including defendant Pfenninger, in this Court, captioned *Ingrao v. Ryan, et al.*, Case No. 1:25-cv-01027-UNA (the "*Ingrao* Action");

WHEREAS, under Fed. R. Civ. P. 42(a) ("Rule 42(a)"), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any

or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, the Derivative Actions challenge substantially the same alleged conduct by substantially the same defendants, and involve substantially similar questions of law and fact;

WHEREAS, the Parties therefore respectfully submit that consolidation of the Derivative Actions is appropriate;

WHEREAS, to avoid potentially duplicative actions and to prevent any waste of the Court's and nominal defendant GeneDx's resources, the Parties agree that the Derivative Actions should be consolidated for all purposes, including pretrial proceedings and trial, into a single consolidated action;

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Derivative Actions, Plaintiffs agree that Rigrodsky Law, P.A. ("Rigrodsky") and Shuman, Glenn & Stecker ("SGS"), the respective resumes of which are attached hereto as Exhibits A and B, shall be designated as Co-Lead Counsel representing Plaintiffs in the consolidated action;

WHEREAS, the Parties agree that further proceedings in the consolidated action should be stayed on the same terms as the Stay Order previously entered in the *Ghazaleh* Action (Dkt. 6);

NOW THEREFORE, the Parties, by and through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1. The Stay Order previously entered in the *Ghazaleh* Action is temporarily lifted for the limited and exclusive purpose of filing the Stipulation and entering a ruling thereon. The Derivative Actions are otherwise stayed as set forth below.

2. The Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 1:23-cv-01357-GBW (the "Consolidated Action"), pursuant to Rule 42(a).

3. Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE GENEDX HOLDINGS CORP. DERIVATIVE LITIGATION | Lead Case No. 1:23-cv-01357-GBW |

4. All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 1:23-cv-01357-GBW.

5. All proceedings in the Consolidated Action, including all deadlines, hearings, and conferences, including any deadlines to move, answer, plead, or

otherwise respond to the complaint filed by plaintiff Ghazaleh on November 28, 2023 and/or the complaint filed by plaintiff Ingrao on August 15, 2025, shall be stayed until the earlier of (1) final resolution of *Helo*; or (2) an announcement that the parties in *Helo* have reached a settlement.

6. Within fourteen (14) days of resolution or dismissal of *Helo* with prejudice, the Parties shall meet and confer and shortly thereafter submit to the Court a proposed schedule for resuming proceedings in this Consolidated Action, including dates by which Plaintiffs must deem one of their complaints operative or file a consolidated complaint (if Plaintiffs have not already filed a consolidated complaint pursuant to paragraph 7), if any, and a date by which Defendants must answer, move against or otherwise respond to the operative complaint, and any associated briefing schedules.

7. Notwithstanding the agreed-upon stay of the Consolidated Actions, Plaintiffs may file a consolidated complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to Plaintiffs' complaint/s or any consolidated complaint during the pendency of the stay.

8. Defendants shall promptly notify Plaintiffs of any derivative actions filed in any forum involving GeneDx regarding substantially similar or the same allegations as those made in the Consolidated Action ("Related Derivative Action").

9. Defendants shall notify Plaintiffs if any Related Derivative Action is not stayed for a similar or longer duration than this stay. If any Related Derivative Action is not stayed for a similar or longer duration than this stay, Plaintiffs may request that the Court terminate the stay in this Action. Defendants will not oppose any motion to terminate the stay under these circumstances, provided Defendants in any Related Derivative Action have been afforded a reasonable opportunity to seek a stay of such Related Derivative Action, and Defendants either declined to seek such a stay or were unsuccessful in moving for or stipulating to such a stay. In the event Plaintiffs seek to terminate the stay in this Consolidated Action, Plaintiffs shall provide fourteen (14) days' notice of such intention to the undersigned counsel for Defendants via email. Within fourteen (14) days after the notice of termination, the Parties shall meet and confer and submit to the Court a motion to terminate the stay, accompanied by a proposed schedule for resuming proceedings in this Consolidated Action (or any application to further extend the stay), including dates by which Plaintiffs must deem one of their complaints as operative or file a consolidated complaint and a date by which Defendants must answer, move against or otherwise respond to the operative complaint, and any associated briefing schedules.

10. If, during the pendency of the stay, GeneDx provides copies of any books and records to a stockholder in response to any Section 220 Demand ("Section 220 Documents") that relates to the subject matter of this Consolidated Action,

GeneDx will also promptly produce copies of such Section 220 documents to Plaintiffs, subject to counsel entering a reasonable and mutually agreed-to confidentiality or protective order governing the use and disclosure of any confidential material therein. Plaintiffs agree not to share any such Section 220 documents with plaintiffs in *Helo* or any other action. Plaintiffs further agree that, to the extent any consolidated and/or amended complaint is based on any information derived from the Section 220 documents, Plaintiffs will file a motion to seal references to such information pursuant to applicable court rules.

11. In the event that a party-scheduled mediation or court-ordered settlement conference is held in an effort to settle *Helo*, counsel for Defendants shall provide counsel in this Consolidated Action with reasonable advance notice of said mediation and shall invite Plaintiffs to participate in such mediation (subject to Defendants seeking permission from that court and/or other parties to the mediation and/or settlement conference, as well as any insurers). In the event that Plaintiffs are not permitted to attend such mediation and/or settlement conference, Defendants will make a good-faith effort to mediate separately with Plaintiffs at or around the same time. Defendants shall inform Plaintiffs upon the scheduling of any mediation with any other plaintiffs in a Related Derivative Action and shall provide counsel in this Consolidated Action with reasonable advance notice of said mediation and invite Plaintiffs to participate in such mediation (subject to Defendants seeking

permission from that court and/or other parties to the mediation, as well as any insurers).

12. This Stipulation is without prejudice to any and all defenses the Defendants may assert in this or any of the above-referenced actions and without prejudice to any and all claims that Plaintiffs may assert.

NOW THEREFORE, Plaintiffs, through their undersigned counsel, hereby respectfully request that the Court enter an order as follows:

1. Co-Lead Counsel for Plaintiffs in the Consolidated Action shall be:

**RIGRODSKY LAW, P.A.**
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Herbert W. Mondros
1007 North Orange Street, Suite 453
Wilmington, DE 19801
sdr@rl-legal.com
tjm@rl-legal.com
gms@rl-legal.com
hwm@rl-legal.com

**SHUMAN, GLENN & STECKER**
Rusty E. Glenn
600 17th Street, Suite 2800 South
Denver, CO 80202
(303) 861-3003
rusty@shumanlawfirm.com

Brett D. Stecker
326 W. Lancaster Avenue
Ardmore, PA 19003
(303) 861-3003
brett@shumanlawfirm.com

2. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

3. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any Plaintiffs except through Co-Lead Counsel.

4. Co-Lead Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Co-Lead Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

5. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

6. This Order shall apply to each derivative case arising out of the same, or substantially the same, transactions or events as the Consolidated Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. When

a derivative case that properly belongs as part of *In re GeneDx Holdings Corp. Derivative Litigation*, Lead Case No. 1:23-cv-01357-GBW, is hereafter filed in this Court, reassigned to this Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing, reassignment, or transfer of any derivative case that might properly be consolidated as part of *In re GeneDx Holdings Corp. Derivative Litigation*, Lead Case No. 1:23-cv-01357-GBW, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order.

**STIPULATED TO AND APPROVED BY:**

Dated: October 23, 2025

**RIGRODSKY LAW, P.A.**

*/s/ Herbert W. Mondros*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
1007 North Orange St., Suite 453
Wilmington, DE 19801
(302) 274-2180
sdr@rl-legal.com
tjm@rl-legal.com
gms@rl-legal.com
hwm@rl-legal.com

*Counsel for Plaintiffs Patricia E. Abu Ghazaleh and Nicholas R. Ingrao and [Proposed] Co-Lead Counsel for Plaintiffs*

**SHUMAN, GLENN & STECKER**
Rusty E. Glenn

600 17th Street, Suite 2800 South
Denver, CO 80202
(303) 861-3003
rusty@shumanlawfirm.com

Brett D. Stecker
326 W. Lancaster Avenue
Ardmore, PA 19003
(303) 861-3003
brett@shumanlawfirm.com

*Counsel for Plaintiff Nicholas R. Ingrao and [Proposed] Co-Lead Counsel for Plaintiffs*

**MORRIS KANDINOV**
Leonid Kandinov
550 West B St., 4th Floor
San Diego, CA 92101
Telephone: (877) 216-1552
blacoff@grwlegal.com

*Additional Counsel for Plaintiff Patricia E. Abu Ghazaleh*

**POTTER ANDERSON & CORROON LLP**

/s/ *Nicholas D. Mozal*_________
T. Brad Davey (#5094)
Nicholas D. Mozal (#5838)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
bdavey@potteranderson.com

*Counsel for Defendants*

**FENWICK & WEST LLP**
Catherine D. Kevane
Dean S. Kristy
555 California St., Suite 1200
San Francisco, CA 94104
Tel: (415) 875-2300
Facsimile: (415) 281-1350
ckevane@fenwick.com
dkristy@fenwick.com

*Additional Counsel for Defendants*

**IT IS SO ORDERED**:

Dated: _________________, 2025

______________________________
Hon. Gregory B. Williams
United States District Judge